## GOLDING BROS. CO., INC. *v.* UNITED STATES

No. 7342.—Invoice dated Vichte, Belgium, January·15, 1938.
　　　Certified January 17, 1938.
　　　Entered at New York, N. Y., January 31, 1938.
　　　Entry No. 104439.

(Decided July 16, 1947)

*Siegel, Mandell & Davidson* (*Samuel T. Siegel* of counsel) for the plaintiff.
*Paul P. Rao,* Assistant Attorney General, for the defendant.

KINCHELOE, Judge: This appeal for reappraisement has been submitted for decision upon the following stipulation of counsel for the parties hereto:

It is hereby stipulated and agreed, by and between counsel for the respective parties hereto, as follows:

(1) That the merchandise in question consists of cotton mattress ticking exported from Belgium on or about January 17th, 1938.

(2) That as to the quality numbers noted in schedule A, hereto annexed and made a part hereof, the market value or the price at the time of exportation of such merchandise to the United States at which such or similar merchandise is freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, including the cost of all containers and coverings of whatever nature, and all other costs, charges, and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States, are the values as expressed in schedule A, hereto attached, and that the export values are no higher.

(3) That as to the quality numbers noted in schedule B, hereto annexed and made a part hereof, the price at which such or similar imported merchandise is freely offered for sale, packed ready for delivery, in the principal market of the United States to all purchasers, at the time of exportation of the imported merchandise, in the usual wholesale quantities and in the ordinary course of trade, with allowance made for duty, cost of transportation and insurance, and other necessary expenses from the place of shipment to the place of delivery, a commission not exceeding 6 per centum, if any has been paid or contracted to be paid on goods secured otherwise than by purchase, or profits not to exceed 8 per centum and a reasonable allowance for general expenses, not to exceed 8 per centum on purchased goods, are the values as expressed in schedule B, hereto attached, and that there exists no foreign or export values therefore.

(4) That the reappraisement case above noted is hereby submitted on the foregoing stipulation.

On the agreed facts I find as follows:

As to the quality numbers listed in schedule A, hereto attached and made a part hereof, the proper basis for the determination of value is foreign value, as that value is defined in section 402 (c) of the Tariff Act of 1930, and that such values are as listed in said schedule A.

As to the quality numbers listed in schedule B, hereto attached and made a part hereof, the proper basis for the determination of value is United States value, as that value is defined in section 402 (e) of the Tariff Act of 1930, and that such values are as listed in said schedule B.

Judgment will be rendered accordingly.

SCHEDULE A

| Quality | Width | Value |
|---|---|---|
| Ostend #894 | 56″ | Belgium Frcs. 5.87 per yard, plus 2½%, packed. |
| Marseilles #834 | 56″ | English Pence 7.82 per yard, packed. |
| Marseilles #834 | 41″ | Belgium Frcs. 3.95 per yard, plus 2½%, packed. |
| Ostend #894 | 64″ | Belgium Frcs. 6.52 per yard, plus 2½%, packed. |

SCHEDULE B

| Quality | Width | Value |
|---|---|---|
| Ostend #894 | 56″ Plain Border | $0.2566 per yard, net packed. |
| Ostend #894 | 41″ | $0.1752 per yard, net packed. |
| Melbourne #900 | 41″ | $0.1334 per yard, net packed. |